IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 9, 2008

## STATE OF TENNESSEE v. JASON GLENN BAGGETT

**Direct Appeal from the Circuit Court for Obion County**
**No. C07-151    William B. Acree, Judge**

---

**No. W2008-00618-CCA-R3-CD  - Filed December 8, 2008**

---

The Defendant-Appellant, Jason Glenn Baggett (hereinafter "Baggett"), was convicted by an Obion County Circuit Court jury of forgery and criminal simulation and sentenced to concurrent sentences of six years, as a career offender, in the Department of Correction. On appeal, Baggett argues that the evidence was insufficient to support his convictions. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Joseph P. Atnip, District Public Defender (on appeal), and William K. Randolph, Assistant Distant Public Defender (at trial), Dredsen, Tennessee, for the appellant, Jason Glenn Baggett.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

At trial, Kathy Gaskins, a clerk at a Save-A-Lot in Union City, Tennessee, testified that she was working on April 14, 2007. Baggett approached her register and presented her with a payroll check for $475. The check was payable to Baggett and drawn on the Union Planters Bank account of Apex Roofing, Inc., 2345 West Antioch Road, Martin, Tennessee. The check was signed by a "Roger Wallace." After Baggett presented the check, Gaskins examined Baggett's driver's license and matched it with the payee's name on the front and the endorsement on the back of the check. She also identified Baggett from his driver's license and noted his driver license number on the check. Upon approval by Al Nichy, the store manager, Gaskins cashed the check. A videotape of this encounter was introduced into evidence and narrated by Gaskins for the jury.

Al Nichy testified that the check submitted by Baggett was deposited in the bank, but was returned to the store because it was rejected by the bank. Nichy also identified Baggett from a photographic line-up and at trial as the person who cashed the check. Bill Fielder, an employee of Regions Bank, testified that the account number on the check presented by Baggett did not exist. The bank also did not have any company that possessed an account under the name of "Apex Roofing, Inc." Finally, the bank had ceased to exist under the Union Planters name and had been operating under the Regions Bank name for the past five years.

Rick Kelly, an investigator with the Union City Police Department, testified that no "Apex Roofing, Inc." business or street by the name of "West Antioch Road" existed in Martin, Tennessee. Kelly testified that the zip code for Martin, Tennessee was the only correct information listed on the check. He was also unable to locate anyone by the name of "Roger Wallace." On cross-examination, Kelly testified that a man named Jason Forrester had been passing forged checks with the same account and routing number as the check involved in the instant case but with a different business name. Obion County had indicted Forrester for one of these forged check cashing incidents, but he had not been arrested. Forrester also attempted to cash a check at Save-A-Lot, but Save-A-Lot would not take the check. Forrester was subpoenaed for trial by the defense but was not able to be located.

The defense proof consisted of Tabitha Chambers and Baggett. Chambers testified that Baggett and Jason Forrester were friends. She had also visited Forrester's home in the past and had used his computer. She stated that Forrester did not want her looking at certain files, but she never saw him print bogus checks. Chambers also testified that Forrester had started doing sheetrock type work and inquired about Baggett working for him. Baggett testified that he helped Forrester hang sheetrock for two days at someone's home. Baggett and Forrester were also "dope buddies" and Baggett had previously "traded [Forrester] an eight ball of dope." Because Forrester did not have any cash on him to pay for the sheetrock work or drugs, Forrester later paid Baggett with a business check. Baggett accepted the check and went directly to Save-A-Lot, where he always cashed his checks because he did not have a bank account. He signed his name on the check and gave the clerk his driver's license. He did not notice that the check was from Apex Roofing, Inc. He further stated that he did not forge the check, did not know the check was forged, and did not intend to defraud anyone. Finally, Baggett testified that he did not own a computer.

On cross-examination, Baggett testified that he did not look at the check until moments before he was about to cash it at Save-A-Lot. While at Save-A-Lot, he noticed that his name was on the check, but Forrester's name was not. He also saw that the check was for a pay period of April 2, 2007, to April 12, 2007, which he explained was for the two days of work and the drugs. Baggett did not know a "Roger Wallace" and was not familiar with an Apex Roofing, Inc. He did not share any of the money he received from the cashed check with Forrester, and had never been with Forrester when Forrester passed a forged check.

The jury convicted Baggett of forgery and criminal simulation. He received concurrent sentences of six years in the Department of Correction as a career offender, and subsequently filed this timely appeal.

## ANALYSIS

When a defendant challenges the sufficiency of the convicting evidence, we must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) (2006) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt."). This standard applies to convictions based upon direct, circumstantial, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

The State, on appeal, is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn from that evidence. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact, and this Court will not reweigh or reevaluate the evidence. State v. Sutton, 166 S.W.3d 686, 689-90 (Tenn. 2005). This Court has stated that "[a] guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory." Bland, 958 S.W.2d at 659 (citation omitted). A guilty verdict also "removes the presumption of innocence and replaces it with a presumption of guilt, and the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict." Id. (citation omitted).

In order to sustain a conviction for forgery, the State must prove beyond a reasonable doubt that Baggett forged a writing with the intent to defraud another. T.C.A. § 39-14-114(a) (2006). Under Tennessee Code Annotated section 39-14-114(b)(1) (2006), "forge" is defined as follows:
(b) As used in this part unless the context otherwise requires:
(1) "Forge" means to:
(A) Alter, make, complete, execute or authenticate any writing so that it purports to:
(i) Be the act of another who did not authorize that act;
(ii) Have been executed at a time or place or in a numbered sequence other than was in fact the case; or
(iii) Be a copy of an original when no such original existed;
(B) Make false entries in books or records;
(C) Issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of subdivision (b)(1)(A); or
(D) Possess a writing that is forged within the meaning of subdivision (b)(1)(A) with the intent to utter it in a manner specified in subdivision (b)(1)(C).

The State also had to prove that Baggett committed the crime of criminal simulation beyond a reasonable doubt. A person commits the offense of criminal simulation who:

(1) With intent to defraud or harm another:
(A) Makes or alters an object, in whole or in part, so that it appears to have value because of age, antiquity, rarity, source or authorship that it does not have;
(B) Possesses an object so made or altered, with intent to sell, pass, or otherwise utter it; or
(C) Authenticates or certifies an object so made or altered as genuine or as different from what it is[.]

T.C.A. § 39-14-115(a)(1) (2006).

On appeal, Baggett challenges the sufficiency of only one element, his "intent to defraud." The State argues there was sufficient evidence to show Baggett's intent to defraud. We agree.

It is undisputed that Baggett presented a forged check, endorsed it, and received money as a result. Baggett argues the circumstantial evidence of his "intent to defraud" was far outweighed by the defense proof. However, Baggett presented the same argument and theory of the case to the jury as he now presents on appeal. As mentioned earlier, this Court does not reweigh or reevaluate the evidence from the trial court when a defendant challenges the sufficiency of the evidence on appeal. Sutton, 166 S.W.3d at 689-90. Moreover, the factual findings of intent are deferred to the jury unless no reasonable person could have found as the jury did. State v. Henry C. Bond, No. E1999-02183-CCA-R3-CD, 2000 WL 1478566, at *2 (Tenn. Crim. App. Oct. 6, 2000), perm. to appeal denied (Tenn. Apr. 9, 2001); see Tenn. R. App. P. 13(e) (2006).

In this case, Baggett presented a check made payable to him signed with the name of a fictitious person. The check was drawn on a bank that had ceased operations by the listed name five years earlier. Although Baggett claims he was given the check by Forrester in payment for two days work and an "eight ball of dope," the roofing company and the address of the company were nonexistent. In addition, Forrester's name was not referenced anywhere on the check. Based on this evidence, a reasonable person could have found, as the jury did in this case, that Baggett intended to defraud another. Accordingly, viewed in the light most favorable to the State, the evidence was sufficient to sustain Baggett's convictions for forgery and criminal simulation.

## CONCLUSION

For the foregoing reasons, we conclude that the evidence was sufficient to support Baggett's convictions for forgery and criminal simulation. Accordingly, the judgments of the trial court are affirmed.

_____
CAMILLE R. McMULLEN, Judge